## Chicago & Alton Railroad Co. v. Elisha Y. Harbor.

1. VERDICTS—*Where the Declaration Contains One Good Count.*— If the declaration contains one good count, it will be sufficient to sustain a verdict, even though all the other counts are defective.

**Trespass on the Case,** for personal injuries. Trial in the Circuit Court of Sangamon County; the Hon. JAMES A. CREIGHTON, Judge, presiding. Verdict and judgment for plaintiff: appeal by defendant. Heard in this court at the November term, 1898. Affirmed. Opinion filed February 7, 1899.

PATTON, HAMILTON & PATTON, attorneys for appellant.

In pleading upon statutes, when there is an exception in the enacting clause, the plaintiff must show that the defendant is not within the exception. Otherwise, the declaration will be bad after verdict. C., B. & Q. v. Carter, 20 Ill. 390;

G. W. R. R. v. Hanks, 36 Ill. 281; T., P. & W. v. Lavery, 71 Ill. 522; Knick. Ins. Co. v. Tolman, 80 Ill. 106; Mahler v. Sinsheimer, 20 Ill. App. 401; Abney v. Austin, 6 Ill. App. 49.

CHAPIN & WOODRUFF, attorneys for appellee.

An objection which goes to the sufficiency of the declaration must be tested on demurrer. It is too late after verdict. Matson v. Swanson, 131 Ill. 263; C., B. & Q. v. Harwood, 90 Ill. 425.

MR. JUSTICE WRIGHT delivered the opinion of the court.

Appellee sued appellant for negligently running or backing its train of cars at a highway crossing, whereby the former was injured while attempting, with due care, to cross such highway with team and wagon. A trial by jury resulted in a verdict and judgment against appellant for $1,000, from which it prosecutes this appeal.

In support of a reversal of the judgment it is insisted that some of the counts of the declaration are insufficient to support such judgment, and for such reason the motion in arrest of judgment should have prevailed in the trial court. We are of the opinion there were good counts in the declaration free from the objections made, and to which the evidence in the case was applicable, and for this reason the motion in arrest of judgment was properly denied. It is also insisted the verdict is against the evidence, that the court refused proper and gave improper instructions to the jury, and that the damages are excessive.

There was conflict of evidence respecting the negligence of the appellant, and as to the care of appellee at the time of his injury, and in view of the condition of the record in those respects we feel compelled to accept the verdict of the jury as decisive of those questions. Upon the whole, we think the law was fairly stated to the jury, and there was no material error in giving or refusing instructions. Neither do we regard the damages so far excessive as to require a reversal at our hands for that reason. The jury

I. C. R. R. Co. v. Lindgren.

heard the evidence and the trial judge has approved the verdict and we find no sufficient reason for setting it aside.
The judgment of the Circuit Court will be affirmed.

Judgment affirmed.